# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE CHARTER OAK FIRE INSURANCE COMPANY<br><br>　　　　　　　Plaintiff,<br><br>　-against-<br><br>NATIONAL CASUALTY COMPANY,<br><br>　　　　　　　Defendant. | Case No.:24-cv-215<br><br>**COMPLAINT** |

Plaintiff, The Charter Oak Fire Insurance Company ("Travelers"), by and through its undersigned counsel, as and for its Complaint against Defendant, National Casualty Company ("NCC"), alleges upon information and belief as follows:

## NATURE OF THE ACTION

1. Travelers is providing a defense to Sons Riverhead, LLC ("Sons Riverhead") in a lawsuit entitled *Colleen Baldwin v. Sons Riverhead, LLC, et. al.* in the Supreme Court of the State of New York, County of Suffolk, index number 606663/2023 (the "Underlying Action").

2. In the instant action, Travelers seeks a declaration that NCC is obligated to defend and indemnify Sons Riverhead in the Underlying Action as an "additional insured" under a policy of insurance issued by NCC to Planet Fitness, Inc. and certain related entities ("Planet Fitness"), on a primary, non-contributory basis, and that Travelers is entitled to judgment for all defense and indemnity costs incurred on behalf of Sons Riverhead in said action.

## THE PARTIES

3. At all times relevant hereto, Travelers was and is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business in Hartford, Connecticut.

1

4. Upon information and belief, at all times relevant hereto, NCC is an Ohio corporation with a principal place of business in Columbus, Ohio.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 2201.

6. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events giving rise to this claim occurred in this judicial district.

7. An actual justiciable controversy exists between the parties as to the coverage afforded under the insurance policy issued by Defendant NCC.

8. Plaintiff Travelers has no adequate remedy at law.

## THE RELEVANT POLICIES

9. NCC issued a commercial general liability insurance policy to Planet Fitness, bearing policy number KKO00000023697600, for the policy period November 1, 2019 to November 1, 2020 (the "NCC Policy").

10. Subject to certain terms, conditions, and exclusions, the NCC Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

11. The NCC Policy includes Form CG 20 11 04 13, entitled "Additional Insured – Managers or Lessors of Premises," which provides coverage to any person or organization to whom Planet Fitness was obligated by a valid written contract to provide such coverage and broadly covers liability for injury or damage "arising out of the ownership, maintenance or use of that part of the premises leased to you."

12. The NCC Policy also includes Form CG 20 26 04 13, entitled "Additional Insured – Designated Person or Organization," which provides coverage, in relevant part, to "any person or organization to whom [Planet Fitness] becomes legally obligated, by a written contract or written agreement executed by [Planet Fitness] prior to the 'occurrence' or offense, to add as an additional insured," and covers, in relevant part, bodily injury "caused, in whole or in part, by [Planet Fitness'] acts or omissions or the acts or omissions of those acting on [Planet Fitness'] behalf . . . in connection with your premises owned by or rented to" Planet Fitness.

13. Travelers issued a commercial general liability insurance policy to Sons Riverhead, bearing policy number Y-660-5K927830-COF-20 for the policy period March 30, 2020 to March 30, 2021 (the "Travelers Policy").

14. Subject to certain terms, conditions, and exclusions, the Travelers Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

15. The Travelers Policy contains excess "other insurance" provisions which provide that coverage under the Travelers Policy is excess over any other coverage available to Sons Riverhead where it has been added as an "additional insured."

**BACKGROUND FACTS**

16. Prior to the alleged accident in the Underlying Action, Sons Riverhead entered into a lease agreement with Planet Fitness, pursuant to which Planet Fitness agreed to lease commercial property located at 1150 Old Country Road, Riverhead, New York.

17. Under the terms of the parties' lease, Planet Fitness agreed to maintain commercial general liability insurance that named Sons Riverhead as an "additional insured" and that such

3

insurance should be maintained "with respect to the Premises, the sidewalk abutting and adjoining the Premises, and the business operated by" Planet Fitness.

18. In the Underlying Action, Claimant alleges that, on or about September 14, 2020, she tripped and fell as she approached the entrance of the Planet Fitness.

19. Claimant has supplied photographs of the accident location, which is located at 1150 Old Country Road, Riverhead, New York.

20. Claimant was a patron of Planet Fitness at the time of this alleged incident.

21. Claimant has named Sons Riverhead and Planet Fitness as defendants in the Underlying Action.

22. Travelers is defending Sons Riverhead in connection with the Underlying Action.

23. In the Underlying Action, Claimant seeks to impose liability on Sons Riverhead for alleged bodily injury "arising out of the ownership, maintenance or use of" the leased premises.

24. In particular, Claimant alleges in the Underlying Action that Sons Riverhead is the owner of the premises where she was injured, and that it operated, maintained, managed, and controlled that premises.

## **TENDERS TO NCC**

25. By correspondence dated April 19, 2023, Travelers tendered the defense and indemnity of Sons Riverhead to NCC.

26. NCC responded by rejecting this tender.

27. NCC has refused to provide "additional insured" coverage to Sons Riverhead under the NCC Policy.

## CAUSE OF ACTION FOR DECLARATORY RELIEF

28. Travelers repeats, realleges, and incorporates each and every allegation contained in paragraphs "1" through "27" above as if fully set forth herein.

29. Sons Riverhead qualifies as an "additional insured" under the NCC Policy.

30. Sons Riverhead is entitled to a defense under the NCC Policy issued to Planet Fitness, as well as to indemnification thereunder for any verdict or judgment rendered against it in the Underlying Action.

31. The coverages provided to Sons Riverhead under the NCC Policy are primary and non-contributory with any coverage provided by the Travelers Policy.

32. Accordingly, Travelers seeks a declaration that NCC has an obligation to defend and indemnify Sons Riverhead as an "additional insured" under the NCC Policy; that the coverages provided by the NCC Policy to Sons Riverhead are primary and non-contributory; and that the obligations of Travelers to Sons Riverhead in the Underlying Action are excess to proper exhaustion and full payment of the limits of the NCC Policy.

33. In addition, Travelers seeks an award at law and in equity against NCC for recovery of all sums Travelers has paid and continues to pay in the defense of Sons Riverhead in the Underlying Action because the coverages provided by the NCC Policy are primary and non-contributory to any coverage provided by Travelers.

## Prayer for Declaratory Relief

WHEREFORE, Plaintiff Travelers respectfully requests that this Court issue judgment as follows:

1. Declaring that the NCC Policy was in full force and effect on the date of the alleged underlying accident.

2. Declaring that all terms of the NCC Policy have been complied with and met.

3. Declaring that the alleged underlying accident and the Underlying Action fall within the coverage afforded by the NCC Policy.

4. Declaring that Defendant NCC has a duty to defend Sons Riverhead in the Underlying Action up to and including the respective policy limits of the NCC Policy.

5. Declaring that Defendant NCC owes a duty to indemnify Sons Riverhead in the Underlying Action up to and including the respective policy limits of the NCC Policy.

6. Declaring that Defendant NCC's coverage obligations to Sons Riverhead in connection with the Underlying Action are primary and non-contributory.

7. Declaring that the coverage obligations of Plaintiff Travelers under the Travelers Policy are excess and non-contributory to those of Defendant NCC with respect to the Underlying Action.

8. Declaring that an actual controversy exists between Plaintiff Travelers and Defendant NCC with respect to NCC's duty to defend and to indemnify Sons Riverhead in connection with the Underlying Action.

9. Granting an award in favor of Plaintiff Travelers against Defendant NCC for all sums Travelers has paid in defending the Underlying Action.

10. Granting an award in favor of Plaintiff Travelers against Defendant NCC for all sums Travelers has paid or will pay in indemnifying Sons Riverhead in connection with the Underlying Action.

11. Granting an award in favor of Plaintiff Travelers for the costs of the suit incurred herein.

12. Granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
January 10, 2024

USERY & ASSOCIATES

By:    /s/ Amy C. Gross
Amy C. Gross
*Attorneys for Plaintiff The Charter Oak Fire Insurance Company*
Direct: 917.778.6462
Fax: 844.571.3789
Email: acgross@travelers.com

<u>Please address all correspondence sent by mail to:</u>
P.O. Box 2996
Hartford, CT 06104-2996

<u>Physical Address</u>:
485 Lexington Avenue, 6th Floor
New York NY 10017